UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BILLY JOE TAYLOR, IV, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:22-CV-092-DCLC-CRW |
| SIEMS, WARDEN COBBLE, SGT. BOWMAN, CPL. MILLER, and TUCK KEENER, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC") housed in the Bledsoe County Correctional Complex ("BCCX"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an incident in which he alleges that Defendant Keener used excessive force against him [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, this action will proceed only as to Plaintiff's claim that Defendant Keener used excessive use of force against him in violation of his Eighth Amendment rights, and all other claims and Defendants will be **DISMISSED**.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     COMPLAINT SCREENING

   A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*,

550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

In his complaint, Plaintiff alleges that on July 15, 2022, Defendant Keener intentionally opened his cell door to allow another inmate to attack him, and Cpl. Miller, who was in the control tower, "conspired to open [Plaintiff's] door" [Doc. 2 p. 4]. After the cell door was open, Defendant Keener put his arm around Plaintiff's neck and choked Plaintiff while taking him to the floor [*Id.*]. Plaintiff's back and neck were injured in this incident [*Id.*]. Also, an unspecified female unit manager was notified of this incident while it was occurring and tried to cover it up [*Id.*]. Plaintiff filed a grievance, but Defendant Sgt. Bowman "conspired to keep [Plaintiff's] mouth shut by covering [up] this incident" [*Id.* at 5].

Plaintiff was disciplined for this incident but states that he "was framed" and wants relief for his pain and humiliation [*Id.*]. Plaintiff also claims that this incident violated TDOC policy and Defendant Kenner should be informed of that policy [*Id.*].

Plaintiff has sued "(BCCX) Siems," Warden Cobble, Sgt. Bowman, Cpl. Miller, and Tuck Keener [*Id.* at 1]. As relief, Plaintiff seeks compensatory damages, a verbal apology, and court costs [*Id.* at 6].

### C. Analysis

First, while Plaintiff has named Warden Cobble and "(BCCX) Siems" as Defendants in this action, he has not set forth any facts from which the Court can plausibly infer that these Defendants were personally involved in any violation of his constitutional rights, and these

3

Case 2:22-cv-00092-DCLC-CRW   Document 4   Filed 08/26/22   Page 3 of 6   PageID #: 32

individuals cannot be liable under § 1983 based on their supervision of others who violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Also, even if the Court assumes that Defendant "(BCCX) Siems" is the female unit manager that Plaintiff alleges "tried her best to cover up" the incident underlying his complaint despite learning of the incident while it was occurring, Plaintiff does not set forth any facts to support a plausible inference that this alleged attempt to cover up the incident violated his constitutional rights. Likewise, Plaintiff fails to support his allegation that Defendant Cpl. Bowman conspired to cover up the incident underlying his complaint with any supporting facts. Accordingly, Plaintiff has failed to "nudge[] [his claims] across the line from conceivable to plausible" as to these Defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 681 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief).

Similarly, while Plaintiff claims that Defendants Cpl. Miller and Keener both conspired to unlock his cell door, he specifically alleges that only Defendant Keener did so in order to have another inmate attack him, and he provides no facts to support his general assertion that Defendant Cpl. Miller's act of opening of his cell was part of a conspiracy that violated his constitutional rights. As such, this allegation of a conspiracy to open his cell door, which is Plaintiff's only allegation against Defendant Cpl. Miller, also fails to state a claim upon which relief may be

granted under § 1983. *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir. 1987) (providing that conspiracy claims must be pled with some degree of specificity and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim").

Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendants Warden Cobble, "(BCCX) Siems," Cpl. Bowman, and Cpl. Miller, and these Defendants will be **DISMISSED**. But as Plaintiff adequately alleges that Defendant Keener used excessive force against him in a manner that violated his Eighth Amendment rights, this claim will proceed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 except as to his claim that Defendant Keener used excessive force against him in violation of his Eighth Amendment rights;

6. Accordingly, Defendants Warden Cobble, "(BCCX) Siems," Cpl. Bowman, and Cpl. Miller are **DISMISSED**;

7. The Clerk is **DIRECTED** to send Plaintiff service packet a (a blank summons and USM 285 form) for Defendant Keener;

8. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

9. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Service on Defendant Keener shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

11. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

12. Defendant Keener shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Keener fails to timely respond to the complaint, it may result in entry of judgment by default; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Keener or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge