UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BILLY JOE TAYLOR, IV, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:22-CV-092-DCLC-CRW |
| TUCK KEENER, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that proceeded only as to Plaintiff's claim that Defendant Keener used excessive force against him in violation of his Eighth Amendment rights [Doc. 4 p. 1, 3–5]. Now before the Court is Defendant Keener's motion for summary judgment [Doc. 24], in support of which he filed a memorandum [Doc. 25], a statement of material facts [Doc. 26], and various exhibits [Doc. 24-1]. Also before the Court is Defendant Keener's motion to file a supplemental declaration in support of his motion for summary judgment [Doc. 27] and a motion to file an exhibit under seal [Doc. 28]. Plaintiff did not file a response in opposition to any of these motions, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, Plaintiff waived any opposition to the motions. E.D. Tenn. LR 7.2.

For the reasons set forth below, Defendant Keener's motion to file a supplemental declaration in support of his motion for summary judgment [Doc. 27] will be **GRANTED**, and his motion to file an exhibit under seal [Doc. 28] will be **DENIED**. Also, as the undisputed evidence in the record establishes that Defendant Keener did not use excessive force against Plaintiff and

instead used de minimis force for legitimate penological reasons, his motion for summary judgment [Doc. 24] will be **GRANTED**, and this action will be **DISMISSED**.

I.      MOTION TO FILE SUPPLEMENTAL DECLARATION

For good cause shown therein and due to Plaintiff's lack of any opposition, Defendant Keener's motion to file a supplemental declaration in support of his motion for summary judgment [Doc. 27] is **GRANTED**.

II.     MOTION TO SEAL

Defendant Keener also filed a motion requesting that the Court file Exhibit A to the Declaration of Jonathan Higdon, which is the video footage of the incident underlying Plaintiff's complaint, under seal [Doc. 28 p. 1–2]. In support of this request, Defendant Keener refers to this exhibit as security footage from inside of a Tennessee prison and relies on Tenn. Code Ann. § 10-7-504, which protects certain government records from public disclosure [*Id.* at 2].

But Defendant Keener's argument that this Court should allow him to file video footage of the incident underlying Plaintiff's complaint under seal because a Tennessee statute prevents disclosure of such footage to the public [*Id.*] is misplaced. The state statutory provision upon which Defendant Keener relies for this argument is part of Tennessee's Public Records Act ("TPRA"), which serves "a noble and worthwhile purpose by providing a tool to hold government officials and agencies accountable to the citizens of Tennessee through oversight in government activities" by creating a "presumption of openness for government records." *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 864 (Tenn. 2016). But despite this presumption of openness, the statute sets forth "numerous statutory exceptions to disclosure" for certain records. *Id.* at 865. Defendant Keener asserts that because the video footage of the incident underlying Plaintiff's

complaint falls under one of those exceptions to public disclosure, the Court should allow him to file that footage under seal [*Id.*].

Although the Court agrees with Defendant Keener that the video footage at issue would not be subject to public disclosure under the TPRA, this is not a TPRA action. Instead, this is a federal action for relief under § 1983 governed by federal law. Thus, the relevant question before the Court is whether Defendant Keener has met his burden under federal law to show that he should be allowed to file the video footage under seal. *Garton v. Crouch*, No. 3:21-CV-338, 2023 WL 2287637, at *3 (M.D. Tenn. Feb. 28, 2023) (noting that while the defendants argued that the TPRA provided good cause for the federal district court to enter a protective order, Rule 26(c) of the Federal Rules of Civil Procedure provided the applicable standard for the court's determination of whether entry of the protective order was appropriate).

The Sixth Circuit has recognized a "'strong presumption in favor of openness'" of court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The party seeking to seal court records therefore bears a "heavy" burden to overcome this presumption, and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Compelling reasons for sealing include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown*, 710 F.2d at 1179. The party seeking to seal the records must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307.

In support of his motion to seal this video footage, Defendant Keener states only that this video "contains . . . security video footage depicting the inside [of] a Tennessee prison" and that it

3

is therefore "'surveillance footage' [that] is statutorily confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(8) and (m)(1) . . . ." [*Id.*]. But these general statements do not allege or demonstrate that Defendant Keener or any other person or entity will suffer an injury if the video footage is not sealed, nor do they present any other compelling reason for the Court to seal the video footage.

Thus, Defendant Keener's motion to seal the video footage [*Id.*] is **DENIED**.

### III. SUMMARY JUDGMENT

#### A. Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "The blatantly contradictory standard is a difficult one to meet and requires opposing evidence that is largely irrefutable[.]" *Amerson v. Waterford Twp.*, 562 F. App'x 484, 489 (6th Cir. 2014); *see also Jones v. Garcia*, 345 F. App'x 987, 990 (6th Cir. 2009) (observing that if the non-moving party's version of events "does not require such a suspension of reality that

4

no reasonable juror could accept it . . . that is enough to allow a jury to hear the claim"). Objective evidence, such as video footage, can satisfy this standard. *See Scott*, 550 U.S. at 380–81 (finding that unambiguous video footage blatantly contradicted the plaintiff's account).

A district court cannot grant summary judgment because the adverse party did not respond but instead must, at a minimum, ensure the movant has met its burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

**B.     Plaintiff's Proof**

First, Plaintiff's complaint is sworn [Doc. 2 p. 6]. Thus, the Court considers it an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements in evaluating a motion for summary judgment). But, as set forth above, Plaintiff did not file a response in opposition to Defendant Keener's summary judgment filings. As such, the Court considers the factual allegations in those filings [Docs. 24-1, 26, 30] undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2) (providing that when "a party . . . fails to properly address another party's assertion of fact," a court can consider the fact undisputed for purposes of summary judgment).

In his sworn complaint, Plaintiff alleges in relevant part that Defendant Keener intentionally opened his cell door to allow another inmate to attack him [Doc. 2 p. 4]. Plaintiff also asserts that, after his cell door was opened, Defendant Keener put his arm around Plaintiff's

5

Case 2:22-cv-00092-DCLC-CRW   Document 31   Filed 03/04/24   Page 5 of 10   PageID #: 146

neck and choked Plaintiff while taking him to the floor [*Id.*]. Plaintiff claims that his back and neck were injured in this incident [*Id.*].

  C.  **Defendant Keener's Proof**

  In his sworn declaration in support of his motion for summary judgment, Defendant Keener first testifies in relevant part that cell doors can only be unlocked by a correctional officer in a control room [Doc. 30-1 p. 1]. Defendant Keener further testifies that, in the incident underlying Plaintiff's complaint: (1) Defendant Keener did not open Plaintiff's cell door or signal for the door to be opened; (2) Defendant Keener was escorting a restrained inmate named Lavan Johnson when Plaintiff's cell door was opened by mistake, at which point Plaintiff came out of his cell and approached Defendant Keener and Inmate Johnson; (3) Defendant Keener intercepted Plaintiff and separated him from Inmate Johnson, who was restrained and unable to defend himself; (4) Plaintiff continued to physically struggle with Defendant Keener and tried to pull away from Defendant Keener to charge Inmate Johnson; (5) Defendant Keener therefore took Plaintiff to the ground in order to gain control of Plaintiff in a manner that would allow Plaintiff to be restrained; (6) another officer came to help Defendant Keener while Plaintiff was on the ground; and (7) once Plaintiff was restrained, he was escorted out of the unit [*Id.* at 1–2]. Defendant Keener additionally testifies that he did not hit Plaintiff or render him unconscious during this incident, and that he did not escort Inmate Johnson to Plaintiff's cell for purposes of instigating an altercation [*Id.* at 2]. Notably, Defendant Keener filed video footage of the incident underlying Plaintiff's complaint that fully supports Defendant Keener's version of the events underlying the complaint [Doc. 29].

  Also in support of his motion for summary judgment, Defendant Keener presents proof that Plaintiff (1) had no visible marks and (2) refused medical care after the incident in his

complaint [Doc. 24-1 p. 2, 5]. Defendant Keener also filed pictures of Plaintiff from after the incident in the complaint that show that Plaintiff had no visible injuries [*Id.* at 2, 7–9].

### D. Analysis

"[T]he unnecessary and wanton infliction of pain" violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Whitley v. Abers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). Where a prisoner alleges that an official used excessive force against him, a court must examine two issues to determine whether the force violated the Eighth Amendment: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm[,]" which is known as the subjective component; and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency[,]" which is known as the objective component. *Hudson*, 503 U.S. at 6, 9.

In examining the subjective component, the court considers the need for the use of force, the relationship between the need for force and the force used, the threat the official reasonably perceived, and the extent of the injury. *Hudson*, 503 U.S. at 7. To satisfy the objective component, a prisoner does not have to incur a serious injury, but the extent of the injury may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

"[N]ot every malevolent touch by a prison guard" creates a federal claim, and *de minimis* uses of force that are not repugnant to the conscience do not violate the Eighth Amendment. *Id.* (quoting *Hudson*, 503 U.S. at 9). And a good faith use of force in pursuit of a valid penological objective will rarely, if ever, violate the Eighth Amendment. *Whitley*, 475 U.S. at 319–20; *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

First, Defendant Keener has set forth undisputed proof that he did not open Plaintiff's cell door or cause that door to be opened. While Plaintiff alleges in his sworn complaint that Defendant Keener purposely opened his cell door for the purposes of allowing an inmate to attack Plaintiff [Doc. 2 p. 4], Plaintiff presents no facts to support this conclusory assertion, nor does he set forth facts suggesting that he has personal knowledge that Defendant Keener was personally involved in opening his cell door for this purpose [*Id.*]. And statements outside of Plaintiff's personal knowledge do not create a genuine issue of material fact that would preclude summary judgment. *Ondo v. City of Cleveland*, 795 F.3d 597, 604–05 (6th Cir. 2015) (citations omitted). Moreover, the video footage of the incident underlying Plaintiff's complaint blatantly contradicts Plaintiff's assertion that Defendant Keener brought an inmate to Plaintiff's cell to attack him, as it shows that Inmate Johnson was restrained, and that when Plaintiff came out of his cell unrestrained right as Defendant Keener and Inmate Johnson passed in front of his cell, Plaintiff attempted to approach Inmate Johnson in an aggressive manner while Inmate Johnson backed away [Doc. 29]. Accordingly, the Court finds that the undisputed proof establishes that Defendant Keener did not open Plaintiff's cell door or bring Inmate Johnson to Plaintiff's cell to instigate an altercation between Plaintiff and Inmate Johnson.

Additionally, Defendant Keener has presented undisputed proof that the force he used against Plaintiff after Plaintiff came out of his cell unrestrained was in pursuit of a valid penological objective [Doc. 30-1 p. 2–3]. Specifically, Defendant Keener has set forth proof that the force he used to restrain Plaintiff was intended to regain control over Plaintiff and prevent Plaintiff from harming Inmate Johnson, who was restrained in a manner that prevented him from defending himself [Doc. 30-1 p. 2–3]. The video footage of the incident underlying Plaintiff's complaint fully supports Defendant Keener's version of this incident [Doc. 29]. Moreover,

Defendant Keener has also set forth undisputed evidence that Plaintiff showed no injuries and refused medical care after the use of force incident underlying his complaint [Doc. 24-1 p. 2, 5, 7–9].

Thus, in light of Plaintiff's aggression towards Inmate Johnson and resistance to Defendant Keener's attempts to restrain him from reaching Inmate Johnson, both of which are readily apparent in the video of the incident [Doc. 29], as well as the evidence that Plaintiff suffered no noticeable injury and refused medical care after the use of force event [Doc. 24-1 p. 2, 5, 7–9], the Court finds that Defendant Keener has established that the force he used against Plaintiff in the incident underlying the complaint was de minimis and would not be repugnant to society.

Moreover, as set forth above, Plaintiff has not responded to Defendant Keener's summary judgment motion or set forth admissible evidence from which a reasonable juror could find that Defendant Keener used excessive force against him or otherwise violated the Eighth Amendment. And the Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Accordingly, Defendant Keener is entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons:

1. Defendant Keener's motion to file a supplemental declaration in support of his motion for summary judgment [Doc. 27] is **GRANTED**;

2. Defendant Keener's a motion to file an exhibit under seal [Doc. 28] is **DENIED**;

3. Defendant Keener's motion for summary judgment [Doc. 24] will be **GRANTED**;

4. This action will be **DISMISSED**; and

5. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker<br>
United States District Judge